ALBERT J. HOUSTON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 63338. Promulgated September 19, 1934.

*Homer H. Tooley, C.P.A.,* for the petitioner.
*P. A. Sebastian, Esq.,* for the respondent.

OPINION.

MORRIS: The respondent having determined a deficiency in income tax of $1,148.79 for the calendar year 1929, the petitioner brings this proceeding for the redetermination thereof, alleging error in such determination by reason of the inclusion of $4,678.64 in his taxable income which was reported by his wife as a part of her share of the community income derived from the partnership of Houston, McClelland & Martin, of which partnership he was a member.

The petitioner is an individual who throughout the year 1929 was a resident of and domiciled within the State of California, where during the taxable year he was a member of the partnership of Houston, McClelland & Martin, physicians and surgeons specializing in diseases of the ear, nose, and throat.

The books of the aforesaid partnership were kept on the cash receipts and disbursements basis. The petitioner's distributive share of the earnings of the partnership was $65,341.46 and his deductible expenses in connection with these earnings were $1,961.81, each partner paying his own automobile expenses.

The petitioner was married on August 1, 1929, prior to that date having the status of a single person. Of the petitioner's share of

the partnership earnings (after deduction of allowable automobile expenses), i.e., $63,379.65, an amount equal to $49,435.32 was for services rendered prior to August 1, 1929. The remainder, or $13,944.33, was for services rendered between August 1 and December 31, 1929.

The petitioner and his wife filed separate income tax returns for the year 1929. On his income tax return the petitioner reported nineteen twenty-fourths of his distributive share of the partnership earnings, his wife reporting on her return five twenty-fourths of said earnings. The respondent holds that only the petitioner's share of amounts collected by the partnership for services rendered subsequent to August 1, 1929, was community income, this amount being $13,944.33, as heretofore stated.

There is no dispute between the parties over the right of the petitioner and his wife to report his earnings subsequent to August 1, 1929, upon the community property basis. The entire controversy is with respect to his earnings prior to marriage which were not collected until thereafter, the petitioner contending that because he was upon a cash receipts and disbursements basis of accounting the taxable status of his said earnings for community property purposes was determined not by the time when the services therefor were rendered, but by the time of receipt. With this contention we cannot agree. While the basis of accounting employed may, and usually does, determine the period within which income may fall for tax purposes, it cannot alter the vested property rights of the parties, nor may it shift the burden of taxation thereon. The petitioner's property rights in the income earned prior to his marriage were effected when the services were performed therefor and it was then that the taxable status was determined, notwithstanding a later receipt.

The principle involved here is the same as that laid down in *K. E. Merren*, 18 B.T.A. 156; affirmed at 51 Fed. (2d) 44, where the petitioner sold property prior to his marriage but did not receive the consideration therefor until subsequent thereto. In holding such consideration to be the separate property of the petitioner under the community property laws of Louisiana, which, for our purposes, we find, are no different from the community property laws of California, we said:

* * * The property which was sold and which gave rise to the money, the income now under consideration, was the separate property of the husband. He had sold it and had completely divested himself of title thereto and dominion thereover prior to his marriage. At the time of the sale the amount to be received by the petitioner was definitely fixed and constituted an obligation due him. The right to receive the purchase price was itself property; it became vested in the petitioner prior to his marriage and could not, therefore, become community property under the Louisiana statute.

The fact that the petitioner's right to receive money was satisfied by payments made to him after his marriage does not, in our opinion, change the situation. The controlling principle is that, as between husband and wife, "when a right, legal or equitable, is acquired, whether before or during marriage, all things of value into which the initial right develops by the performance of conditions, the running of time or the like, or if the initial right rests in obligation, all that which is obtained through the performance, discharge, satisfaction, enforcement, or assignment of the obligation, are deemed in law to have been acquired as of the date of the acquisition of the initial right, and take the character, separate or common, of that right." McKay on Community Property, secs. 517 and 533. * * *

The services having been rendered prior to marriage, the right to receive compensation therefor originated prior thereto. The character of the property is determined as of that time and not as of the date of payment. See *John M. King*, 26 B.T.A. 1158, affd., 69 Fed. (2d) 639.

For the above and foregoing reasons we are of the opinion that the respondent's determination must be approved.

*Judgment will be entered for the respondent.*